## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| ETHEL G. BROOKS, | DOCKET NUMBER |
| Appellant, | AT-0752-14-0579-A-1 |
| v. | |
| DEPARTMENT OF VETERANS AFFAIRS, | DATE: January 6, 2017 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Brenda Jackson-Patterson, Esquire, Jackson, Mississippi, for the appellant.

Johnston B. Walker, Jackson, Mississippi, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which denied her motion for attorney fees in connection with the appeal of her demotion which was resolved pursuant to settlement. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 On appeal of her one-grade demotion based on charges of misconduct, the appellant and the agency entered into a settlement agreement on June 12, 2015. Initial Appeal File (IAF), Tab 65. As relates to the matter now under review, the agreement stated that "[it] does not cover attorney fees" and that "[a]ny claim for attorney fees will be submitted to the MSPB and/or [the assigned administrative judge] in compliance with any and all Orders, laws, or regulations that pertain to or govern attorney fee petitions." *Id.* On June 15, 2015, the administrative judge dismissed the appeal as settled. IAF, Tab 16, Initial Decision at 2. That decision became the Board's final decision on July 20, 2015, when neither party filed a petition for review.

¶3 The appellant filed a timely motion for attorney fees in the amount of $250,000. Attorney Fee File (AFF), Tab 1. In response, the agency argued that fees were not warranted in the interest of justice and that, in any event, the fees requested were not reasonable. AFF, Tab 2.

¶4 The administrative judge issued an initial decision denying the appellant's motion for fees. AFF, Tab 14, Addendum Initial Decision (AID) at 1, 17. The administrative judge found that the appellant was the prevailing party, and that

she incurred fees pursuant to an attorney-client relationship, AID at 3-5, but that she did not show that an award of attorney fees was warranted in the interest of justice, AID at 5-8.  The administrative judge further found that, even if the appellant had shown that fees were warranted in the interest of justice, the fees requested were grossly excessive and therefore she failed to show that they were reasonable.  AID at 8-17.

¶5    The appellant has filed a petition for review, Petition for Review (PFR) File, Tab 1, the agency has responded, PFR File, Tab 3, and the appellant has filed a reply, PFR File, Tab 3.

¶6    On review, the appellant first argues that the administrative judge improperly denied her motion for recusal.  PFR File, Tab 1 at 4-5.  In filing her motion during the attorney fee proceeding below, the appellant argued that the administrative judge showed bias, prejudice, and harassment throughout the processing of the case and at the hearing,[2] AFF, Tab 8, that she denied certain motions, and that she created an intimidating atmosphere and exhibited a strong appearance of partiality, *id.* at 5-6.  In denying the appellant's motion, the administrative judge initially found that it was not in compliance with the Board's regulations in that it was not in affidavit or sworn statement form.[3]  AFF, Tab 13 at 2-3.  Nonetheless, the administrative judge considered the motion, noting that most of the appellant's arguments involved events that occurred prior to the parties' arriving at settlement, and finding that, if the appellant believed that the administrative judge should recuse herself, the appellant was required to raise the

---

[2] The parties reached settlement during the second day of hearing.  AFF, Tab 13.

[3] Claiming that she was unaware that her motion was required to be in affidavit form, PFR File, Tab 1 at 5, the appellant has submitted such an affidavit on review, *id.* at 18-19.  However, in acknowledging the demotion appeal, the administrative judge referred the appellant to the Board's regulations at 5 C.F.R. part 1201 for detailed information on Board procedures, IAF, Tab 2 at 5, and 5 C.F.R. § 1201.42 clearly provides that the reasons for a motion for disqualification of an administrative judge must be set out in an affidavit or a sworn statement.  In any event, even though the appellant's motion was not in proper form, the administrative judge considered it.

issue as soon as she became aware of it. *Id.* at 3; 5 C.F.R. § 1201.42. Moreover, the administrative judge questioned why, if she believed the administrative judge was not impartial, the appellant specifically agreed, under the settlement, that the administrative judge would rule on the attorney fees matter. AFF, Tab 13 at 3.

¶7 The Board's regulations provide that failure to request certification of an interlocutory appeal from an administrative judge's denial of a motion asking the administrative judge to withdraw on the basis of personal bias or other disqualification is considered a waiver of the request for withdrawal. 5 C.F.R. § 1201.42(c). Because the appellant did not request certification of an interlocutory appeal as to this matter, she is considered to have waived her request for withdrawal, and we will not further address it.

¶8 Next, the appellant argues on review that fees are warranted in the interest of justice because the agency engaged in a prohibited personnel practice, specifically, retaliation. PFR File, Tab 1 at 6. The appellant did not raise this argument as a basis for fees below, and therefore we do not address it. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). In any event, while attorney fees are authorized by 5 U.S.C. § 7701(g)(2) when the appellant is the prevailing party in an appeal under 5 U.SC. § 7701 and the Board's decision is based on a finding of discrimination prohibited under 5 U.S.C. § 2302(b)(1), 5 C.F.R. § 1201.202(a)(2), the parties here resolved the appeal by settlement, and therefore the administrative judge did not issue a decision on the merits in which a finding on such a claim would have been required.[4]

¶9 Next, the appellant claims on review that fees are warranted because the agency committed gross procedural error. PFR File, Tab 1 at 7-11. While the appellant did not raise this argument below, the agency did, submitting that "[t]he

---

[4] For the same reasons, we need not consider the appellant's claims on review that fees are warranted in the interest of justice because the agency action was clearly without merit or wholly unfounded, or the appellant was substantially innocent of the charges, and the agency initiated the action in bad faith. PFR File, Tab 1 at 6-7.

impetus for settling [the appeal] was an arguable procedural error," although not a gross procedural error. AFF, Tab 2 at 6. According to the agency, the employee who prepared the evidence file testified at the hearing that she did not include, in the file she created for the appellant, a document reviewed by the deciding official, prompting the agency to settle the appeal because of apprehension as to a potential due process violation. AFF File, Tab 11 at 6. The administrative judge addressed the issue, finding that the agency's error did not establish a due process violation in the absence of any showing that the document not provided to the appellant was so substantial or likely to cause prejudice that "no employee can fairly be required to be subjected to a deprivation of property under such circumstances." AID at 7 (citing *Ward v. U.S. Postal Service*, 634 F.3d 1274, 1279 (Fed. Cir. 2011)). On review, the appellant merely speculates that the agency would not have settled the case but for the testimony regarding the document. PFR File, Tab 1 at 7. Such speculation, however, does not support a finding that fees are warranted in the interest of justice based on gross procedural error committed by the agency as to the document referenced at the hearing.[5] *See Shelton v. Office of Personnel Management*, 42 M.S.P.R. 214, 219 (1989) (even a finding of harmful procedural error does not necessarily warrant a finding of gross procedural error such as is required to warrant a fee award), *aff'd*, 904 F.2d 46 (Fed. Cir. 1990).

¶10   Finally, on review, the appellant disputes the administrative judge's finding that fees are not warranted in the interest of justice because the appellant failed to show that the agency knew or should have known that it would not prevail on the merits when it brought the proceeding. PFR File, Tab 1 at 12. The administrative judge found that the agency convened a three-member committee to investigate

[5] On review, the appellant argues that fees also are warranted in the interest of justice based on gross procedural error because, she claims, the agency failed to give her a copy of the Administrative Investigation Board findings to assist her in her defense. PFR File, Tab 1 at 7, Tab 4 at 5. The appellant did not raise this argument as a basis for fees below, and therefore we need not address it. *Banks*, 4 M.S.P.R. at 271.

the incidents that formed the basis of the misconduct charges brought against the appellant, that the committee members interviewed numerous witnesses who were present during the two incidents in question, IAF, Tab 6, Subtab 4e, that, based on the results of the investigation, the agency had sufficient evidence to bring the charges, and that there was no indication that the agency should have known that it would not prevail on the merits when it brought the proceeding against the appellant, AID at 6-7. On review, the appellant merely states that it was "error" for the administrative judge to find no such evidence. PFR File, Tab 1 at 12. However, she failed to show that the agency never possessed any credible, probative evidence to support the action taken. *See, e.g.*, *Gensburg v. Department of Veterans Affairs*, 80 M.S.P.R. 187, ¶ 7 (1998). Therefore, the appellant has not shown that the administrative judge erred in finding that the appellant failed to show that the agency knew or should have known that it would not prevail on the merits when it brought the proceeding.

¶11   We conclude that the appellant has not shown that the administrative judge erred in finding that an award of attorney fees is not warranted in the interest of justice.[6]

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

---

[6] Based on this finding, we do not address the administrative judge's alternative finding that the fees requested were not reasonable, or the appellant's challenge on review to that finding. *See, e.g.*, *Griffith v. Department of Agriculture*, 96 M.S.P.R. 251, ¶¶ 18-19 (2004).

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                        _____
                                      Jennifer Everling
                                      Acting Clerk of the Board

Washington, D.C.